**In re Gerald H. GIESELER, Carol A. Gieseler, Debtors.**

**UNITED STATES of America, Plaintiff,**

**v.**

**Gerald H. GIESELER and Carol A. Gieseler, Defendants.**

Bankruptcy No. 80–00520.
Adv. No. 81–0008.

United States Bankruptcy Court,
E. D. Michigan, N. D.

July 2, 1981.

Michael Hluchaniuk, Asst. U. S. Atty., Bay City, Mich., for plaintiff.

James Stein, Mount Pleasant, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

HARVEY D. WALKER, Bankruptcy Judge.

The Plaintiff, Farmers Home Administration (hereinafter "FmHA") filed a Complaint Objecting to Discharge against the Defendants, Gerald H. and Carol A. Gieseler, (hereinafter the "Debtors") on January 15, 1981.

The Complaint alleged that the Defendants failed to satisfactorily explain the loss of certain property which was the collateral securing the Debtors' obligation to FmHA, and that such obligation is non-dischargeable pursuant to Section 727(a)(5) of the Bankruptcy Code, 11 U.S.C. § 727(a)(5).

Section 727 provides the following:

(a) The Court shall grant the debtor a discharge, unless—

(5) The debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities;"

A hearing on the Complaint was held on March 24, 1981, at which time testimony was heard and exhibits were admitted into evidence by the Court. After such hearing, the Court made the following findings of fact and conclusions of law:

1. The Debtors are indebted to the FmHA in the amount of $398,941.89 as set out in the proof of claim filed in this matter.

2. Such indebtedness is properly secured by certain real estate mortgages, security agreements and a financing statement.

3. The security agreements cover all of the debtors' farm equipment and livestock, and certain described crops.

4. Representatives of FmHA inspected the Debtors' farm on approximately September 10, 1980, and at that time discovered that numerous items of security were missing.

5. When questioned by the FmHA representatives, the Debtors failed to provide a satisfactory answer which would account for the missing equipment and disposition of livestock.

6. The Debtors, having failed to satisfactorily explain the loss of the collateral securing their obligation to the FmHA, will be denied a discharge to the extent of the value of such collateral, pursuant to § 727(a)(5).

The Court was compelled to make the above stated findings for several reasons.

Although there is little authority addressing the situation where discharge is denied pursuant to § 727(a)(5), there are several well established principles considered by the Court found in cases under the Bankruptcy Act where a debtor failed to provide a satisfactory explanation with respect to missing assets.

Under the 1898 Act, an objection to discharge could be successfully employed where the objectors had no knowledge of how assets were dissipated but nonetheless could establish the presence of such assets which were not declared as such on the debtor's schedules before bankruptcy; the burden was then placed on the bankrupt to account for any diminution or absence. *In re Tabibian*, 289 F.2d 793 (2nd Cir. 1961).

In other words, a creditor could object to discharge by challenging the correctness of the bankrupt's financial statements and at the same time claim that assets reported on the financial statements were not sufficiently accounted for, since the burden is not upon the objecting creditor to prove which of the grounds it relies upon to show the bankrupt is not entitled to a discharge. It is rather a burden for the bankrupt either to rely upon his financial statements and account for the assets claimed in them, or explain satisfactorily the reasons for their inaccuracies and thus reduce the amount of assets as to which he is expected to make a reasonable showing. *Fidelity & Deposit Co. v. Browder*, 291 F.2d 34 (5th Cir. 1961).

In *Jackson v. Menick*, 271 F.2d 806 (9th Cir. 1959), the Court found that discharge was properly denied where the bankrupt failed to satisfactorily explain diminution of his assets and only pointed to boxes which contained a jumble of unassorted memoranda, bills, checks and bank statements.

Furthermore, the courts have also held that an inability to account for inventory shrinkage establishes a reasonable ground for believing either that the statements are false, or that there has been an improper disposition of assets. *In re Kay & Kay*, 1 B.C.D. 1140 (Bkrtcy.R.I.1975).

In light of these cases, the Court is of the opinion that a court is not required to grant a discharge if the debtor has failed to satisfactorily explain any loss of assets or deficiency of assets to meet his liabilities. Moreover, in order to avoid the application of § 727(a)(5), the debtor must have made a satisfactory explanation prior to the time that a determination of non-discharge is made under this section. See Bkr.L.Ed., Summary § 7.134.

In the instant matter, the FmHA agent visited the Debtor's farm on or about September 10, 1980. The Petition in Bankruptcy was filed on August 29, 1980.

Having considered all of the testimony presented with respect to the Debtor's explanation concerning the disposition of collateral, the Court is of the opinion that such explanation was unsatisfactory.

When questioned as to some of the missing items, the Debtor indicated that he had no knowledge of there location or disposition. As to other collateral, he indicated that some were disposed of in one manner, and others in another, but that no records were kept. There were also items traded, but no records regarding these transactions were kept either. Finally, when the Debtor was questioned about the collateral which was located on his farm prior to his leaving the property, his explanation amounted to stating that he either had no knowledge of the disposition of particular items or that some "were there when he left."

It is apparent that the Debtor did fail to satisfactorily explain the loss of assets or deficiency of assets which constituted the collateral to meet his liability with the FmHA. If the information offered by the Debtor explained anything, it would be that he was exceedingly careless with the collateral.

It is for the aforementioned reasons that the Court determined that the Debtor is to be denied a discharge to the extent of the value of the collateral pursuant to § 727(a)(5).

At the conclusion of the hearing, the Court directed counsel for the parties to submit an appraisal of the assets in order to determine the amount of the non-dischargeable obligation.

At this time, the Court will proceed to make such determination.

The Court finds the value of the property (collateral) listed to be as follows:

| | ITEM | VALUE |
|---|---|---|
| 1. | 1968 Case 930 Tractor | $3,500.00 |
| 2. | 1977 International Harvester 1086 Tractor | 17,000.00 |
| 3. | John Deere Model 60 tractor | 700.00 |
| 4. | 1977 Clark Equipment Model 620 Bobcat | 5,250.00 |
| 5. | Two discs (10 and 14 foot) | 1,200.00 |
| 6. | Oliver 508 plow | 1,450.00 |
| 7. | 1976 Dunham Lehr Loader | 750.00 |
| 8. | 1975 Brillion Packer | 1,100.00 |
| 9. | 770 New Holland Chopper | 1,800.00 |
| 10. | 880 New Holland Chopper | 2,000.00 |
| 11. | New Idea Manure Spreader | 300.00 |
| 12. | Two Flat Bed Wagons | 500.00 |
| | TOTAL VALUE | $35,550.00 |

In determining the fair market value of the above-listed items, the Court considered the value as submitted in the appraisal of the respective parties. The value listed for each item represents an amount arrived at after considering the difference between the two appraised values.

With respect to the livestock, the Court will find the value to be as follows:

| | |
|---|---|
| 38 Dairy Cows | $38,000.00 |
| 55 Cattle | 22,000.00 |
| TOTAL | $60,000.00 |

Such valuation is based on the appraisal as submitted by FmHA. The Debtors have neither filed an appraisal of the livestock nor objected to the FmHA valuation.

In light of the above considerations the Court will find that the total non-dischargeable debt owed to FmHA is $95,550.00. Accordingly, the Court will sustain the Plaintiff's objection and hereby ORDER that the Debtors' obligation to the Farmers Home Administration be non-dischargeable to the extent of $95,550.00, pursuant to § 727(a)(5).

IT IS SO ORDERED.